FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 26, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LISA W., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> ACTING COMMISSIONER OF <br> SOCIAL SECURITY,[1] <br><br> Defendant. | No. 2:20-CV-00321-JAG <br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 19, 23. Attorney Chad Hatfield represents Lisa W. (Plaintiff); Special Assistant United States Attorney Jacob Phillips represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 5. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 1

**REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## I.  JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits on May 5, 2017, alleging disability since April 3, 2017, due to severe asthma, COPD, fibromyalgia, arthritis, and anxiety. Tr. 56-57. The application was denied initially and upon reconsideration. Tr. 83-89, 91-97. Administrative Law Judge (ALJ) Timothy Mangrum held a hearing on June 24, 2019, Tr. 27-54, and issued an unfavorable decision on September 5, 2019. Tr. 15-22. Plaintiff requested review of the ALJ's decision by the Appeals Council and the Appeals Council denied the request for review on July 14, 2020. Tr. 1-5. The ALJ's September 2019 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on September 9, 2020. ECF No. 1.

## II.  STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and are only briefly summarized here. Plaintiff was born in 1967 and was 49 years old as of her alleged onset date. Tr. 20. She has a GED and has worked in food service, retail, and maintenance positions. Tr. 220, 456. She last worked in April 2017 as a kitchen helper and left due to severe asthma attacks and difficulty gripping things with her hands. Tr. 33, 456. She has had several emergency room visits for asthma attacks and testified that she has had difficulty obtaining more treatment for her conditions due to insurance and finances. Tr. 42, 326, 355, 387-88, 518, 527.

## III.  STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with

deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

### IV.    SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 404.1520(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social*

*Sec. Admin.*, 359 F.3d 1190, 1193-1194 (0th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 404.1520(a)(4)(v).

## V. ADMINISTRATIVE FINDINGS

On September 5, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15-22.

At **step one**, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 17.

At **step two**, the ALJ determined Plaintiff had the following severe impairments: fibromyalgia and asthma. *Id.*

At **step three**, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform a range of light work, with the following limitations:

> [She] can frequently climb stairs, stoop, kneel, and crouch, occasionally crawl, and do no climbing of ladders, ropes, or scaffolds. [She] should avoid concentrated exposure to hazards, humidity/wetness, and vibration, and should avoid even moderate exposure to pulmonary irritants such as fumes, odors, dust, and gases.

Tr. 18.

At **step four**, the ALJ found Plaintiff was unable to perform her past relevant work as a janitor or cook helper. Tr. 20.

At **step five** the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, Plaintiff could perform jobs that existed in significant numbers in the national economy, specifically identifying the

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 4

representative occupations of cashier II, bakery worker conveyor line, and office helper. Tr. 21.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 22.

## VI.  ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by: (1) improperly evaluating the opinion evidence; (2) failing to conduct an adequate step three analysis; (3) improperly rejecting Plaintiff's subjective complaints; and (4) making inadequate step five findings.

## VII.  DISCUSSION

A.  **Plaintiff's Subjective Allegations.**

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 19 at 17-20.

It is the province of the ALJ to assess the claimant's allegations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 5

evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

      The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 19. The ALJ found Plaintiff's allegations were inconsistent with her reported activities and were not supported by the treatment notes. *Id.*

      Plaintiff argues the ALJ overstated Plaintiff's activities and failed to identify any actual inconsistencies with her allegations. ECF No. 19 at 18-19. She further asserts the ALJ disregarded the variable nature of fibromyalgia, and argues that her extended hospitalizations and near-death from asthma exacerbations support her disabling testimony. *Id.* at 19. Defendant argues the ALJ reasonably found the minimal treatment records contradicted Plaintiff's extreme reports and that the documented activities contradicted Plaintiff's allegations. ECF No. 23 at 3-5. Defendant further notes the ALJ's finding that Plaintiff's asthma improved with treatment and disputes Plaintiff's assertion of frequent extended hospitalizations. *Id.* at 6-7.

      The Court finds the ALJ's rationale is not supported by substantial evidence. The ALJ found Plaintiff's allegations were inconsistent with her ability to care for her husband and pets, perform personal care, prepare meals, do housework, and shop in stores. Tr. 19. The ALJ found these demonstrated activities to be inconsistent with her testimony that she could only stand for 15-20 minutes at a time and had trouble lifting or being in any position for an extended period of time. *Id.* A claimant's activities may support an adverse credibility finding if the activities contradict their other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). However, the Court finds the ALJ did not identify any activities that

1  were inconsistent with Plaintiff's reports. The record contains minimal evidence of
2  Plaintiff engaging in any of these activities, and her testimony and that of her
3  husband indicated that she only engaged in activities sporadically, with assistance,
4  and while taking breaks, in addition to her abilities varying from day to day
5  depending on her energy and pain levels. Tr. 36-42, 212-19, 228-35, 472, 597.
6  Nothing about this evidence indicates any inconsistency with Plaintiff's claimed
7  symptoms and limitations.

   The only other rationale offered by the ALJ for discounting Plaintiff's subjective reports was the lack of support from the treatment records. Tr. 22-24. This alone is an insufficient reason to reject her statements. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Because none of the ALJ's other reasons for questioning Plaintiff's allegations meet the clear and convincing standard, unsupportive objective evidence is not a sufficient rationale. Furthermore, the Court takes note that fibromyalgia is not a condition that generally presents with extensive objective findings. *See generally*, Social Security Ruling 12-2p; *Revels v. Berryhill*, 874 F.3d 648, 656-57 (9th Cir. 2017). It is not clear that the normal or unremarkable exam findings identified by the ALJ, such as intact strength and gait, have any bearing on the existence or severity of Plaintiff's conditions, and the ALJ cited to no medical source that indicated as much.

   On remand, the ALJ shall re-evaluate Plaintiff's statements and testimony and make specific references to the record in support of any conclusions drawn regarding Plaintiff's subjective complaints.

**B.    Ms. Lannie Coronado, PA-C.**

   Plaintiff argues the ALJ improperly rejected the medical source statement from her treating provider, Ms. Coronado. ECF No. 19 at 10-14.

   For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL

168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 404.1520c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 404.1520c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 404.1520c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(b). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

> Supportability and consistency are further explained in the regulations:
>
> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 8

20 C.F.R. § 404.1520c(c). The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022).

      Plaintiff's treating provider, Ms. Coronado, completed a medical source statement in support of her claim on December 13, 2018. Tr. 590-92. She noted Plaintiff's diagnoses included chronic pain, asthma, anxiety, and depression, with symptoms and signs of chronic widespread muscle and joint pain, chronic fatigue, moderately persistent asthma with many triggers, and anxiety and depression. Tr. 590. She stated Plaintiff needed to lie down for 1-2 hours per day due to chronic fatigue and exhaustion, and that full-time work would likely exacerbate her conditions and cause her to miss four or more days of work per month due to flares of mental health issues and pain keeping her in bed, in addition to asthma attacks being triggered by environmental allergens and requiring days to recover. Tr. 590-91. She stated Plaintiff was limited to performing sedentary work, had limitations on handling and reaching, and would likely be off-task over 30% of the workday. Tr. 591-92.

      The ALJ found this opinion was not persuasive, as it was not consistent with the largely unremarkable treatment notes and was not supported by the findings on the consultative exam or by other opinion evidence. Tr. 20.

      Though the Court finds no error in the ALJ's findings, since this claim is being remanded for reconsideration of Plaintiff's subjective complaints, the ALJ shall also reconsider the medical opinion evidence, along with any additional evidence and testimony that may be submitted.

C. **Step Three.**

Plaintiff argues the ALJ erred at step three by failing to discuss why Plaintiff's conditions did not equal the requirements of Listing 14.09D. ECF No. 19 at 15-17.

At step three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and laboratory findings" which must be established for a claimant's impairment to meet the Listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If a condition meets or equals a Listing, the claimant is considered disabled without further inquiry. 20 C.F.R. § 404.1520(d).

Plaintiff argues the ALJ erred at step three by failing to assess whether her fibromyalgia equaled the requirements of Listing 14.09D for inflammatory arthritis. She asserts when fibromyalgia is considered along with her other conditions, her constitutional signs of fever, fatigue, and malaise result in marked limitations in completing her activities of daily living. ECF No. 19 at 15-17. Defendant argues Plaintiff has not met her burden of demonstrating medical equivalence, and asserts that the record is starkly at odds with her claims that she is markedly limited in performing her daily activities. ECF No. 23 at 15-19.

The Court finds Plaintiff has not met her burden of demonstrating via medical evidence that the listing is met or equaled. However, as this claim is being remanded for further proceedings, the ALJ will make findings on each of the steps of the sequential evaluation process.

### VIII. CONCLUSION

Plaintiff argues the decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and

further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's decision with respect to Plaintiff's subjective complaints is not supported by substantial evidence. On remand, the ALJ shall reevaluate Plaintiff's subjective complaints and the record as a whole and complete the five-step process. The Court makes no judgment as to the whether the record supports an award of benefits.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 19**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 23**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED September 26, 2022.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE